PER CURIAM.
The Juvenile Court Rules Committee (“Committee”) of The Florida Bar has submitted an emergency petition to amend Rules of Juvenile Procedure 8.330 and 8.525. We have jurisdiction. Art. V, § 2(a), Fla. Const. The Committee approved the changes by votes of 18-3-1.[1] The proposed changes were published for comments, but none were filed.
The amendments specify that parties may appear at adjudicatory hearings by audio or audiovisual devices in dependency and termination of parental rights proceedings. Compare Amendment to Florida Rule of Juvenile Procedure 8.100(a), 25 Fla.L. Weekly S516 (Fla. July 6, 2000) (rejecting proposed amendment which would allow juvenile detention hearings to be conducted through audiovisual devices).
The Committee explains in its petition that it has proposed these amendments because when a parent is incarcerated in another state or in a federal correctional institution, neither the State of Florida, the Florida court, nor the attorney for that parent can obtain the parent’s presence at the hearing in Florida. If that parent exercises the right to be present at the hearing as provided under the current language in the rules, the dependency or termination of parental rights proceedings cannot go forward until the parent’s release. As such, the current rules cause significant delays in achieving permanency for children. The Committee asserts that allowing the use of audio or audiovisual devices will ensure the parent’s ability to participate in the proceedings while not delaying the child’s permanency.
After reviewing the proposed amendments, we adopt them as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring.[2] *952 Committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 8.330. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge, without a jury, utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.
(b) Examination of Witnesses. A party may call any person as a witness. A party shall have the right to examine or cross-examine all witnesses. However, the child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(c) Presence of Parties. All parties have the right to be present at all hearings. A party may appear in person or, at the discretion of the court for good cause shown, by an audio or audiovisual device. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a person appears for the arraignment hearing or dependency, stating the date, time, and place of the adjudicatory hearing, then that person’s failure to appear or the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.
(d) Joint and Separate Hearings. When 2 or more children are alleged to be dependent children, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(e) Motion for Judgment of Dismissal. In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence.
(f) Dismissal. If the court shall find that the allegations in the petition have not been sustained, it shall enter an order dismissing the case.
(g) Findings and Orders. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Committee Notes
1991 Amendment, (a) This change gives the court the option of making a finding based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.
*953 RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the elements required by law for termination of parental rights have been established by clear and convincing evidence.
(b) Time of Hearing. The adjudicatory hearing shall be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be granted for purposes of investigation, discovery, procuring counsel or witnesses, or for other good cause shown.
(c) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall have the right to examine or cross-examine all witnesses.
(d) Presence of Parties. All parties have the right to be present at all termination hearings. A party may appear in person or, at the discretion of the court for good cause shown, by an audio or audiovisual device. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
(e) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(f) Previous Testimony Admissible. To avoid unnecessary duplication of expenses, in-court testimony previously given at any properly noticed hearing may be admitted, without regard to the availability of the witnesses, if the recorded testimony itself is made available. Consideration of previous testimony does not preclude the parties from calling the witness to answer supplemental questions.
(g) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously when the children are related to each other or involved in the same case, unless the court orders separate hearings.
(h) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it shall enter an order denying the termination and proceed with dispositional alternatives as provided by law.
(i) Final Judgment.
(A) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with disposi-tional alternatives as provided by law. The order must contain the findings of fact and conclusions of law upon which the decision was based. The parties may stipulate, or the court may order, that *954 parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of such contact must be set forth in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is adopted.
(B) Denying Termination of Parental Rights. If the court finds after all the evidence has been presented that the grounds for termination of parental rights have not been established by a preponderance of the evidence, the court shall adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.
(C) Dismissing Petition. If the court finds after all of the evidence has been presented that the allegations in the petition do not establish grounds for dependency or termination of parental rights, it shall enter an order dismissing the petition.

. Given the noncontroversial nature of the amendments, we waive the requirement that they be presented to the Board of Governors for its approval. See Fla.RJud.Admm. 2.130(e).

. The text of rule 8.330 shown in the appendix reflects the amendments adopted in *952 Amendments to Rules of Juvenile Procedure, No. SC00-644, 783 So.2d 138 (Fla.2000), which are to take effect at the same time as the amendments adopted herein.